**PINNOCK & WAKEFIELD**
A Professional Corporation
David C. Wakefield, Esq.        Bar #: 185736
Michelle L. Wakefield, Esq.     Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiffs

FILED

06 SEP 15 AM 11: 35

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ *PDL*        DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual,

              Plaintiffs,

   v.

CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE; ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92; And **DOES 1 THROUGH 10, Inclusive**

    **Defendants.**

Case No. 06CV 1882 WQH LSP

**CIVIL COMPLAINT:**

**CLASS ACTION**

DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS
[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1]

DEMAND FOR JURY TRIAL
[F.R.Civ.P. rule 38(b)]

## INTRODUCTION

Plaintiffs 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal

1



Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.   The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

///

## SUPPLEMENTAL JURISDICTION

2.   The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).   The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.   The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.   Further, due to this denial of full and equal access, 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, and other persons with disabilities were injured.   Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

3.   Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiffs are informed and believe and thereon allege that

Defendant CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE is located at 830 Kline Street, La Jolla, California, 92037. Plaintiffs are informed and believe and thereon allege that Defendant ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92, is the owner, operator, and/or lessor of the real property located at 830 Kline Street, La Jolla, California, 92037, Assessor Parcel Number 350-321-16.  Defendant ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92, is located in San Diego County, California.

4.   The words Plaintiff, Plaintiffs, Plaintiff's Member, and Plaintiff's Members as used herein specifically include 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, and persons associated with 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual, who accompanied them to Defendants' facilities.

5.   Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE and/or ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

6.   Plaintiffs are informed and believe, and thereon allege, that

Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(b) AS TO ALL DEFENDANTS

7.   Plaintiffs are members of a group within the State of California composed of persons with a wide range of disabilities, limited to persons who use wheelchairs for mobility, who must be able to access restaurant establishments, like Defendants' establishment located within the property located at 830 Kline Street, La Jolla, California, 92037, Assessor Parcel Number 350-321-16.   Plaintiffs are precluded from equal access to Defendants' establishment so meaningfully because the establishment fails to provide access for members of the disability community who use a wheelchair for mobility to the entrance, the interior path of travel, and the restroom facilities.   The Supreme Court of the United States has held as long as the class representative provides adequate representation for the class' interests, the court has the power to adjudicate the rights and obligations of all class members – even those who would otherwise be beyond the reach of its personal jurisdiction. Phillips Petroleum Co. v. Shutts, 472 US 797 (1985). This case stands for the proposition

that minimum contacts are not required with nonresident members of a plaintiff class because, "the burdens placed by a State upon absent class action plaintiff are not of the same order or magnitude as those it places on an absent defendant."  Id. Plaintiffs allege they will insure class members shall receive adequate notice of the proceedings and the opportunity to "opt out," if required

8.   Defendants have conducted themselves such as to establish a pattern and practice of architectural discrimination.  Plaintiffs allege that Defendants have control over each and every facility, establishment, and/or business located within the property located at 830 Kline Street, La Jolla, California, 92037, Assessor Parcel Number 350-321-16.  Accordingly, Plaintiffs allege Defendants are responsible for removing architectural barriers at Defendants' facilities and the establishment/business contained therein.

9.   For the aforementioned reasons, Plaintiffs allege they are proper class representatives for members of the disability community who use a wheelchair for mobility because the members of the disability community who use a wheelchair for mobility are so numerous that joinder is impracticable due to the fact more than one hundred (100) persons fall within the membership description. Also, the questions of law or fact are so common because the members of the disability community who use a wheelchair for mobility are being denied their civil rights under federal and state laws – that is, each member of the disability community who use a wheelchair for mobility suffered substantially similar violations relating to the entrance, the interior path of travel,

and the restroom facilities.  Further, the claims or defenses of the representative parties are typical – Plaintiffs have the right to access facilities, establishments, and businesses like those within the property located at 830 Kline Street, La Jolla, California, 92037, Assessor Parcel Number 350-321-16, for many reasons such as the patronage of restaurant establishments. Defendants' facilities are open to the general public and Plaintiffs have been denied access because of violations, as outlined above and specifically addressed elsewhere within this Civil Complaint.

10.   Additionally, Plaintiffs, as the named representatives, will fairly and adequately represent the interests of the class because Plaintiffs and the members of the disability community in the State of California who use a wheelchair for mobility have suffered substantially similar violations.  Finally, a pattern and practice exists on the part of Defendants, and each of them, of architectural discrimination at their public facilities located within the State of California.  On information and good faith belief, Plaintiffs thereon allege that Defendants, prior to the passing of the Americans With Disabilities Act in 1992, conceived, commissioned, designed, and implemented among other things, a design for their public facilities, including, but not limited to the entrance, the interior path of travel, and the restroom facilities which do not meet the minimal standards outlined under the federal regulations known as the Americans With Disabilities Act Accessibility Guidelines ("ADAAG") and state regulations, also known as Title 24 of the California Building Code, and to which

non-compliant plan they continue to utilize to the injury of the members of the class.  For these reasons and the facts as stated herein, Plaintiffs have the right to maintain this statewide class action pursuant to Fed.R.Civ.P. Rule 23(b).

## **CONCISE SET OF FACTS**

11.   Plaintiff 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated.  Plaintiff's member THEODORE A. PINNOCK is a member of Plaintiff Organization and has an impairment in that he has Cerebral Palsy and due to this impairment he has learned to successfully operate a wheelchair.

12.   In August of 2006, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK went to Defendants' CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE (hereinafter "THE VILLAGE GRILLE") establishment to utilize their goods and/or services.  When Plaintiff's Member and Plaintiff THEODORE A. PINNOCK patronized Defendants' establishment, he was unable to use and/or had difficulty using the public accommodations' entrance, interior path of travel, and restroom facilities at Defendants' THE VILLAGE GRILLE business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the entrance, interior path of travel and restroom facilities of Defendants' THE VILLAGE GRILLE establishment.

13.  Plaintiff's Member and Plaintiff THEODORE A. PINNOCK personally experienced difficulty with said access barriers at Defendants' THE VILLAGE GRILLE establishment.

14.  For example, the entrance to the restaurant has an impermissible high threshold.  Also, the entrance door fails to have the required disability signage.

15.   Within the restaurant, there are steps that lead to the interior seating, thereby precluding access to a member of the disability community who uses a wheelchair for mobility.  There fails to be any disability signage informing disabled patrons of the location of an accessible interior path of travel to the interior dining area.

16.   The public restroom is completely inaccessible to members of the disability community who use a wheelchair for mobility.  The restroom entrance door fails to have the proper disability signage.  The restroom entrance door locking mechanism fails to be accessible, as the mechanism requires tight grasping and/or twisting of the wrist to operate.  There fails to be sufficient clear floor space within the restroom to allow for a wheelchair to maneuver.  There fail to be any of the required grab bras around the commode and the commode is too low to be accessible.  The hot water and drainage pipes under the lavatory sink fail to have the required insulation.  The operable parts of the soap dispenser and the operable parts of the paper towel dispenser are mounted too high to be accessible.

17.  Plaintiff's Member and Plaintiff THEODORE A. PINNOCK intends to return to Defendants' THE VILLAGE GRILLE establishment in the

immediate future.

18.   Plaintiffs' Member and Plaintiff THEODORE A. PINNOCK is presently deterred from returning due to his knowledge of the barriers to access that exist at Defendants' THE VILLAGE GRILLE establishment.

19.   Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

20.    Plaintiffs believe and herein allege Defendants' THE VILLAGE GRILLE establishment have access violations not directly experienced by Plaintiff's Member and Plaintiff THEODORE A. PINNOCK which preclude or limit access by other members of Plaintiff 2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION or other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly,

Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown.  Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

21.  Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' THE VILLAGE GRILLE establishment.  Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was extremely upset due to Defendants' conduct.

## NOTICE

22.  Plaintiffs are not required to provide notice to the defendants prior to filing a complaint.  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT

23.    CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE; ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

24.  Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

25.  Based on the facts plead at ¶¶ 11 - 21 above and elsewhere in

this complaint, Plaintiff's Member and Plaintiff THEODORE A.
PINNOCK was denied full and equal access to Defendants' goods,
services, facilities, privileges, advantages, or accommodations.
Plaintiffs allege Defendants are a public accommodation owned,
leased and/or operated by Defendants. Defendants' existing
facilities and/or services failed to provide full and equal access
to Defendants' facility as required by 42 U.S.C. § 12182(a).
Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was
subjected to discrimination in violation of 42 United States Code
12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's
Member and Plaintiff THEODORE A. PINNOCK was denied equal access
to Defendants' existing facilities.

26.   Plaintiff's Member and Plaintiff THEODORE A. PINNOCK has
physical impairments as alleged in ¶ 11 above because his
conditions affect one or more of the following body systems:
neurological, musculoskeletal, special sense organs, and/or
cardiovascular.   Further, Plaintiff's Member and Plaintiff
THEODORE A. PINNOCK' said physical impairments substantially
limits one or more of the following major life activities:
walking.   In addition, Plaintiff's Member and Plaintiff THEODORE
A. PINNOCK cannot perform one or more of the said major life
activities in the manner, speed, and duration when compared to the
average person.   Moreover, Plaintiff's Member and Plaintiff
THEODORE A. PINNOCK has a history of or has been classified as
having a physical impairment as required by 42 U.S.C. §
12102(2)(A).

///

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

27.   Based on the facts plead at ¶¶ 11 - 21 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

28.   Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

29.   Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities

constitutes discrimination for purposes of 42 U.S.C. §12183(a).
Therefore, Defendants discriminated against Plaintiffs in
violation of 42 U.S.C. § 12182(a).

30.   Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK
was subjected to discrimination in violation of 42 U.S.C. §
12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because
Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied
equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural
Barriers**

31.   Based on the facts plead at ¶¶ 11 - 21 above and elsewhere in
this complaint, Plaintiff's Member and Plaintiff THEODORE A.
PINNOCK was denied full and equal access to Defendants' goods,
services, facilities, privileges, advantages, or accommodations
within a public accommodation owned, leased, and/or operated by
Defendants.   Defendants failed to remove barriers as required by
42 U.S.C. § 12182(a).   Plaintiffs are informed, believe, and thus
allege that architectural barriers which are structural in nature
exist within the following physical elements of Defendants'
facilities: Space Allowance and Reach Ranges, Accessible Route,
Protruding Objects, Ground and Floor Surfaces, Parking and
Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators,
Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances,
Drinking Fountains and Water Coolers, Water Closets, Toilet
Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage,
Handrails, Grab Bars, and Controls and Operating Mechanisms,
Alarms, Detectable Warnings, Signage, and Telephones. Title III

requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

### CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

32.   Based on the facts plead at ¶¶ 11 - 21 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied equal access to Defendants' existing facilities.

33.   Based on the facts plead at ¶¶ 11 - 21 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer

irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

34.    WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

35.    Based on the facts plead at ¶¶ 11 - 21 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants'

facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

36. These violations denied Plaintiff's Member and Plaintiff THEODORE A. PINNOCK full and equal access to Defendants' facility. Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

37. Based on the facts plead at ¶¶ 11 - 21 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK was subjected to discrimination in violation of Civil Code § 54.1.

///

///

CLAIM III: **Violation Of The Unruh Act**

38.   Based on the facts plead at ¶¶ 11 - 21 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

39.   Based on the facts plead at ¶¶ 11 - 21 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

40.   Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

///

18

## Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

41.  Defendants, each of them respectively, at times prior to and including, the month of August, 2006, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiffs and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' THE VILLAGE GRILLE establishment accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

42.  Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other

members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

43.  Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors, and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiffs do not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

44.  Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

DEMAND FOR JUDGMENT FOR RELIEF:

A.    For general damages pursuant to Cal. Civil Code §§ 52 and 54.3;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.    For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Code of Civil Procedure §§ 1032 and 1033.5;

F.    For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

///

///

///

///

///

21

G.     A Jury Trial and;

H.     For such other further relief as the court deems proper.


Respectfully submitted:

                                    **PINNOCK & WAKEFIELD, A.P.C.**


Dated:      September 13, 2006

                              By: _Michelle L Wakefield_
                                  DAVID C. WAKEFIELD, ESQ.
                                  MICHELLE L. WAKEFIELD, ESQ.
                                  Attorneys for Plaintiffs

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

2150 SIGOURNEY JOSSIAH - FRANCIS LEE ASSOCIATION, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, An Individual

**DEFENDANTS**

CCS INVESTMENTS, INC., d.b.a. THE VILLAGE GRILLE; ANTHONY A. CIANI AND LISA W. CIANI REVOCABLE TRUST, dated 02-07-92 And DOES 1 THROUGH 10, Inclusive

SEP 15 2006

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Michelle L. Wakefield, Esq.   SBN: 200424
David C. Wakefield, Esq.   SBN: 185736
PINNOCK & WAKEFIELD, A.P.C.
3033 Fifth Ave., Suite 410, San Diego, CA  92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

**ATTORNEYS (IF KNOWN)**

'06CV 1882  WQH LSP

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** To Be Determined At Trial   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE   September 15, 2006

SIGNATURE OF ATTORNEY OF RECORD   *Michelle L Wakefield*

129320   Sar 9/15/06 #350

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerkof Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, ... defendant is a government agency, use only the full name or standard abbreviations. If ... y, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case fil ... the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name ... e of filing. (NOTE: In land condemnation cases, the county of residence of the "defendan ...

(c) Attorneys. Enter firm name, address, teleph ... list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is se ... be shown in pleadings. Placethe'X'in one of the boxes. If there is more than one basi ...

United States plaintiff. (1) Jurisdiction is based ... e United States are included here.

United States defendant. (2) When the plaintiff ... s box.

Federal question. (3) This refers to suits under ... f the United States, an amendment to the Constitution, an act of Congress or a treaty of t ... iff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suit ... s. When Box 4 is checked, the citizenship of the different parties must be checked. (See S ... versity cases.)

III. Residence (citizenship) of Principal Partie ... nship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute di ... the cause.

V. Nature of Suit. Place an "X" in the appropr ... use of action , in Section IV above, is sufficient to enable the deputy clerk or the stat ... of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven b ...

Original Proceedings. (1) Cases which origina ...

Removed from State Court. (2) Proceedings in ... Title 28 U.S.C., Section 1441. **When the** petition for removal is granted, check this box ...

Remanded from Appellate Court. (3) Check th ... se the date of remand as the **filing date.**

Reinstated or Reopened. (4) Check this box fo ... ing date as the filing date.

Transferred from Another District. (5) For cas ... his for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 129320 - A1
September 15, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-06-CV-1882 | | 60.00 CC |
| Judge | - HAYES | | |
| CV086400 | | | 100.00 CC |
| CV510000 | | | 190.00 CC |

Total -> 350.00

FROM: CIVIL FILING
   2150 SIGGOURNEY JOSSIAH ET AL
   V. CCS INVESTMENTS ET AL
   VISA AUTH# 011485 SH